UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALDEZ GLENN,

        Petitioner,

v.

CASE NO. 09-CV-13598
HONORABLE GEORGE CARAM STEEH

CATHY BEAUMAN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION
## TO HOLD HABEAS PETITION IN ABEYANCE

Petitioner Valdez Glenn, a state prisoner currently incarcerated at the Alger Correctional Facility in Munising, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, armed robbery, Mich. Comp. Laws § 750.529, carjacking, Mich Comp. Laws § 750.529a, and another count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227a, in two cases before the Wayne County Circuit Court. The state court sentenced him to 18 to 40 years imprisonment on the murder conviction, concurrent terms of 10 to 20 years imprisonment on the armed robbery and carjacking convictions, and two years imprisonment on the felony firearm convictions to be served consecutively to the other sentences in 2007. In his petition, he asserts that the trial court abused its discretion in denying his plea withdrawal motion.

1

This matter is before the court on Petitioner's motion to hold his habeas case in abeyance so that he may exhaust additional issues concerning the validity and voluntariness of his plea in the state courts. For the reasons stated below, the court will deny Petitioner's motion.

## I. PROCEDURAL HISTORY

At sentencing, Petitioner moved to withdraw his plea alleging that he was coerced by his family and defense counsel. The trial court denied the motion and sentenced Petitioner in accordance with his plea agreement. Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising the same claim contained in the present petition, which was denied. *See People v. Glenn*, No. 283109 (Mich. Ct. App. Feb. 20, 2008). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Glenn*, 482 Mich. 973, 754 N.W.2d 879 (Mich. Sept. 9, 2008).

Petitioner dated his federal habeas petition on September 2, 2009 and it was filed by the court on September 11, 2009. Respondent has not yet filed an answer to the petition. The answer is due March 16, 2010. Petitioner filed the present, undated motion on October 30, 2009. Respondent has not filed a response to Petitioner's motion.

## II. STANDARD

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is entitled to relief only if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). State courts

must be given a fair opportunity to rule upon all of a petitioner's habeas claims before he can present those claims in federal court, otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

A petitioner satisfies the exhaustion requirement if he invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). A petitioner bears the burden of showing that he has exhausted state court remedies. *Rust*, 17 F.3d at 160.

### III.  DISCUSSION

Petitioner seeks to hold his habeas petition in abeyance so that he may exhaust his state court remedies as to additional issues concerning the validity and voluntariness of his plea. A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In this case, Petitioner has not shown the need for a stay.  His current claim appears to be exhausted, and the one-year limitations period applicable to habeas actions does not pose a concern.  *See* 28 U.S.C. § 2244(d)(1).  The Michigan Supreme Court denied Petitioner leave to appeal on September 9, 2008.  Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court.  *See* Sup. Ct. R. 13(1).  Under the statute of limitations, Petitioner's convictions became final on or about December 8, 2008 – 90 days after the Michigan Supreme Court denied relief.  Petitioner then had one year in which to file his federal habeas petition or seek additional state court review.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner dated his federal habeas petition on September 2, 2009.  At that point, only 274 days of the one-year period had expired.  While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).  Given that 91 days of the one-year limitations period remain, Petitioner has sufficient time in which to exhaust additional issues in the state courts and return to federal court should he wish to do so.  A stay is therefore unnecessary.

Moreover, while some of Petitioner's additional issues may not be "plainly meritless," Petitioner has not set forth sufficient reasons for his failure to previously exhaust those issues, *i.e.*, by filing a motion for relief from judgment in the state courts, before filing his federal habeas petition.  Petitioner's claim that appellate counsel failed to pursue issues on direct appeal does not excuse his failure to seek collateral review in the state courts before filing the instant petition.  While there is no indication that Petitioner has engaged in intentional delay, he has not

4

shown particular diligence in exhausting his state court remedies.  Given such circumstances, a stay is unwarranted.

## IV.  CONCLUSION

For the reasons stated, the court **DENIES** Petitioner's motion to hold his habeas petition in abeyance.  Should Petitioner wish to have the court dismiss the present habeas petition, which he asserts contains only an exhausted claim, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30 days** of the filing date of this order.  If he does not do so, the court shall proceed on the claim contained in the present petition.  The court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

Dated:  November 24, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 24, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk