UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALDEZ GLENN, #609012,

       Petitioner,

                              CASE NO. 09-CV-13598
v.                                HONORABLE GEORGE CARAM STEEH

CATHY BEAUMAN,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD HABEAS
PETITION IN ABEYANCE, DISMISSING THE PETITION FOR A WRIT OF HABEAS
CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Valdez Glenn ("Petitioner") pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, armed robbery, Mich. Comp. Laws § 750.529, carjacking, Mich Comp. Laws § 750.529a, and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, in two cases before the Wayne County Circuit Court. He was sentenced to 18 to 40 years imprisonment on the murder conviction, concurrent terms of 10 to 20 years imprisonment on the armed robbery and carjacking convictions, and two years imprisonment on the felony firearm convictions to be served consecutively to the other sentences in 2007. In his petition, he asserts that the trial court abused its discretion in denying his plea withdrawal motion.

The matter is currently before the Court on Petitioner's motion to hold his habeas petition

in abeyance so that he may finish exhausting his state court remedies on a motion for relief from judgment brought pursuant to Michigan Court Rule 6.500 *et seq*. Petitioner states that he filed his motion with the state trial court on or about May 27, 2009 and that it is now pending in the Michigan Court of Appeals. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has a motion for relief from judgment matter pending in the Michigan Court of Appeals concerning the challenged convictions. Petitioner must complete the state court process before seeking habeas relief in federal court. *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's

habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Even if Petitioner's pending motion does not concern his current claim, that proceeding may result in the reversal of his convictions on another ground, thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition, rather than a stay of the proceedings, is warranted under such circumstances.[1]

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending in the state courts concerning the convictions at issue in this case and that a stay is unwarranted. Accordingly, the Court **DENIES** Petitioner's motion to hold the habeas petition in abeyance and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without

---

[1] The Court notes that Petitioner previously filed a motion to hold his petition in abeyance which was denied because Petitioner had failed to show the need for a stay. *See* 11/24/09 Op., Dkt. #4. Petitioner did not inform the Court that he had filed a motion for relief from judgment in the state courts. In any event, a stay is still unwarranted. Petitioner has sufficient time to file a new petition containing all of his habeas claims upon the completion of his state remedies.

addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

Dated: November 22, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 22, 2010, by electronic and/or ordinary mail and also to Valdez Glenn #609012, Alger Maxium Correctional Facility, P.O. Box 600, Munising, MI 49862.

S/Josephine Chaffee
Deputy Clerk

---